UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES KIEL, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:07-CV-1326 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court upon the motion of James Kiel to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition and Kiel has filed a traverse.

I. **Background**

Kiel was charged with five counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). When the trial began on April 14, 2004, Kiel was represented by appointed counsel. On the second day of trial, Kiel announced that he wanted to represent himself. After being warned by the Court of the disadvantages of self-representation, Kiel chose to represent himself. Defense counsel was designated as standby counsel and assisted Kiel at trial. Later that same day, Kiel requested that defense counsel be reinstated to handle the case. The request was granted. On the next day, Kiel pled guilty to all six counts of the indictment.

Kiel was sentenced on November 19, 2004, to concurrent terms of imprisonment of 327 months on each of the child pornography counts and 120 months. He appealed, and the case was remanded for reconsideration in light of United States v. Booker, 125 S. Ct. 738 (2005). The same sentence was imposed on remand, and the judgment was affirmed on appeal. United States v. Kiel, 454 F.3d 819 (8th Cir. 2006).

In his motion to vacate, Kiel asserts the following grounds for relief: (1) that his sentence violates the Ex Post Facto Clause; (2) that he was denied his choice of counsel and thereby forced to proceed *pro se*; (3) ineffective assistance of counsel; and (4) that his guilty plea was not knowing or voluntary.

II. <u>Discussion</u>

A. <u>Ex Post Facto Clause</u>

Kiel pled guilty to five counts of violating 18 U.S.C. § 2251, which prohibits the production of child pornography. He admitted that he committed the offenses between January 1, 2002 and June 2002. At the time of the offenses, § 2251(d) provided that:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title or imprisoned not less than 10 years nor more than 20 years, and both, but if such person has one prior conviction under this chapter, chapter 109A, or chapter 117, or <u>under the laws of any State relating to the sexual exploitation of children</u>, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 30 years…

18 U.S.C. § 2251(d) (emphasis added).

Effective July 27, 2006, § 2251 was amended as follows:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or <u>under the laws of any State relating to aggravated sexual abuse</u>, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or <u>under the laws of any State relating to the sexual exploitation of children</u>, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.

18 U.S.C. § 2251(e) (emphasis added).

Because Kiel had a 1983 Texas conviction for "Aggravated Sexual Abuse of a Child," he was sentenced under the enhanced imprisonment range of 15 to 30 years authorized § 2251(d). He argues that the enhanced penalty was inapplicable because

–2–

the Texas conviction was not one "relating to the sexual exploitation of children." 18 U.S.C. § 2251(d). This argument is without merit. The statute has been held to apply to "any criminal sexual conduct with a child (which by its very nature) takes advantage of or exploits a child sexually." [read cases]

Kiel next argues that a state conviction for aggravated sexual abuse could not be used to enhance a sentence before 2007 when § 2251(e) became effective. Because the crime of "aggravated sexual abuse" was specifically mentioned in § 2251(e), Congress did not intend the crime to fall within the "relating to the sexual exploitation of children" language in § 2251(d). Further, Kiel asserts that the enumeration of specific crimes in § 2251(e) is evidence that Congress believed the "relating to the sexual exploitation of children" language was vague and ambiguous.

Again, Kiel's arguments are without merit. The mere fact that Congress amends a statute to provide for greater specificity does not mean that the prior statute was so vague or ambiguous as to violate the Ex Post Facto or Due Process clauses. Congress may and often does amend statutory language. These changes do not affect the validity of the prior law or invoke retroactive application of the new law except in certain instances not applicable here. See Teague v. Lane, 489 U.S. 288 (1989). A statutory amendment providing for greater specificity does not imply that Congress meant to exclude those specific terms from the broad inclusive language of the previous statute. If the language of a statute is clear, the court need not look outside the text for evidence of congressional intent. Robinson v. Shell Oil Co., 519 U.S. 337, (1997).

Finally, it is evident that the 2007 statute was amended not to resolve ambiguity over which state crimes qualified as "relating to the sexual exploitation of children," but to provide for a higher range of imprisonment for defendants with prior convictions for

specific offenses. Indeed, the "relating to the sexual exploitation of children" appears in the enhancement provisions of both § 2251(d) and § 2251(e).

Kiel has provided no case law which has found the language of Section 2251(d) to be so vague or ambiguous as to be unconstitutional and the Eighth Circuit has found this language to be sufficient to qualify similar prior state convictions under Section 2251(d). United States v. Smith, 367 F.3d 748 (8th Cir. 2004); United States v. Bach, 400 F.3d 622 (8th Cir. 2005). Kiel misapprehends the requirements for finding that the application of a criminal statute is unconstitutionally vague or violates the Ex Post Facto clause and his claim warrants dismissal as a matter of law.

### B. Denial of Choice of Counsel

Kiel claims that the court denied him his first choice of counsel which "forced" him to proceed pro se. Kiel points to portions of the trial transcript where he refers to an attorney named Alec White, whom he purportedly hired. Mr. White did not enter an appearance or attend the trial. Kiel claims that he was denied due process and his Sixth Amendment right to choice of counsel because the Court would not allow him to either convince Mr. White to show up and represent him or to recover the money he paid to Mr. White and hire another attorney.

Kiel cites U.S. v. Gonzalez-Lopez, 548 U.S. 140 (2006), in support of his claim. However, in Gonzalez-Lopez , the Court wrote that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." Id. at 151 (citing Wheat v. U.S., 486 U.S. 153, 159 (1988)). A defendant may not "insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." Wheat, 486 U.S. at 159. Moreover, a trial court has wide latitude in balancing the right to counsel of choice against the "needs of fairness" and against the "demands of its calendar." Id.

From the outset, Kiel was determined to be indigent and was represented by a court-appointed attorney. Kiel did not mention Alec White until after the trial began and after he decided to proceed pro se. Regardless of whether Kiel did in fact pay an attorney to represent him, nothing in the record establishes that the trial court erroneously deprived Kiel of his choice of counsel by requiring that he either proceed with appointed counsel or proceed pro se.

### C.  Ineffective Assistance of Counsel

Kiel next claims that his appointed counsel provided ineffective assistance of counsel (1) by relying upon the "open file" policy of the U.S. Attorney's office and not conducting additional formal discovery, (2) by offering incorrect or inadequate assistance during the change of plea proceeding, (3) by failing to assert a defense based upon the effects Kiel's medication would have on his cognitive process, and (4) by failing to raise a double jeopardy claim. In his reply to the government's brief, Kiel has conceded that his double jeopardy claim is without merit.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

With respect to his first claim, Kiel's attorney filed a request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Defense counsel also

arranged for an independent medical examination and obtained Kiel's lengthy medical record. Kiel does not specify what additional formal discovery his counsel should have conducted. His only claim of prejudice is that additional discovery would have brought to light the fact that he had allegedly paid another attorney to represent him, but as discussed above, this information was irrelevant to the case. Kiel has not demonstrated that any prejudice resulted from defense counsel's decision to forego additional discovery.

Kiel also fails to demonstrate prejudice with respect to his second claim, that his appointed counsel provided little or no assistance at his plea hearing and failed to adequately inform him as to the consequences of his plea and the effect of his prior conviction. During the change of plea proceedings, the following colloquy took place:

> THE COURT: Do you understand, Mr. Kiel, the minimum sentence of imprisonment for Counts 1 through 5 is 15 years. The maximum is 30 years?
> THE DEFENDANT: I understand, Your Honor.

Plea Hearing Transcript at p. 16. Kiel also stated under oath that he was satisfied with his appointed counsel's performance, that he had been given enough time to review the plea agreement with his attorney, and that he understood the consequences of his plea. Kiel's allegation that his counsel failed to inform him of the effect of his prior sexual abuse conviction on sentencing fails where, as discussed above, the conviction was correctly used to enhance the statutory minimum term of imprisonment.

Kiel's third claim, that his counsel failed to investigate and argue a defense based upon "the effects his prescribed medication would have on the cognitive process," is not legally distinct from the mental capacity arguments raised by Kiel's counsel. The record shows that Kiel's attorney investigated and argued lack of capacity, insanity and diminished capacity based upon Kiel's mental health history. Three psychiatrists examined Kiel and each concluded, with knowledge of his medications, that Kiel was competent to stand trial. None of the physicians doubted

that Kiel was able to "appreciate the nature and quality or the wrongfulness of his acts," which precluded an insanity defense under 18 U.S.C. §17. Kiel's attorney had frequent contact with Kiel's treating physician throughout the trial, and he thoroughly pursued all available mental state defenses. The record shows and Kiel does not dispute that he was voluntarily taking his prescribed medications during his medical examinations and through out his trial. That Kiel was somehow compelled to commit his crimes or plea guilty by his medications is not a separate legally cognizable defense. Kiel's attorney thoroughly investigated and argued each of the available mental state defenses, and no prejudice can be shown by the failure to argue an unavailable defense.

### D. Guilty Plea Was Not Knowing or Voluntary

Kiel argues that his guilty plea was not knowing or voluntary based upon variations of the arguments discussed above. He claims (1) that he was misinformed about the penalty he was facing because his prior conviction should not have been used to enhance his sentence, (2) that he never received "real notice" as to the charges against him due to his "misapprehension concerning critical elements of the charged offense," (3) that he was under the influence of "various psychotropic SRRIs designed to alter the cognitive process" and was unable to understand the nature of the proceedings and consequences of his plea, and (4) that the denial of his choice of counsel rendered his plea not knowing or voluntary.

Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedural steps which must take place prior to the court's acceptance of a defendant's guilty plea. Additionally, the Constitution requires that defendant's plea be made knowingly, intelligently, and voluntarily. See Bradshaw v. Stumpf, 545 U.S. 175 (2005). A defendant must also be competent to enter a guilty plea and the test for competency is the same as for whether a defendant is competent to stand trial. U.S. v. Martinez,

446 F.3d 878 (8th Cir. 2006). A competent defendant is one who is able to comprehend the proceedings against him and has the ability to consult with a lawyer with reasonable understanding. Id. Finally, ineffective assistance of counsel may prevent a defendant from entering a knowing and voluntary plea but a movant must satisfy the objective standard and prejudice tests articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984).

As discussed above, the record of the change of plea proceedings clearly shows that Kiel was properly advised of all the penalties he faced by pleading guilty, including the minimum and maximum sentences of imprisonment. The record further establishes that Kiel's understanding of the proceedings was not impaired by medication or otherwise. When asked about the medications he was taking, Kiel stated under oath, "[a]s a rule for the last 10 years or 15 years I have taken 15 prescriptions a day." Plea Hearing Transcript at pp. 5-6. When asked about the effects of the medication, Kiel responded as follows:

> THE COURT: Have any of these medications made you feel drowsy or dizzy or confused or anything like that?
> THE DEFENDANT: Ma'am, that's -- Your Honor, yes, they do. But I never know when that's making me feel drowsy. That's the battle we've had for ten years of treatment is I always have those periods of day when I'm drowsy and confused. But the medicines are supposed to help me with.
> THE COURT: Okay. How are you feeling now?
> THE DEFENDANT: I am certainly --
> THE COURT: Are you feeling alert this morning?
> THE DEFENDANT: Yes. I know exactly what is going on right now.
> THE COURT: Okay. That's what I am trying to get at. If you start feeling any adverse effects from these medicines or anything else, you've have to let us know that. All right?
> THE DEFENDANT: Yes, I will.

Id.

Thus, Kiel's claim that he was unable to understand the proceedings is belied by the record.

Finally, Kiel's claim that the denial of his choice of counsel rendered his plea not knowing or voluntary is without merit. As discussed above, Kiel was not improperly denied his choice of counsel.

### III. Conclusion

For the foregoing reasons, the Court concludes that Kiel has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. The Court finds that Kiel has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this Memorandum is separately filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2010.